*445
 
 Hall, Judge.
 

 The binds in question were part of a tract originally granted to
 
 Henry Cossart,
 
 from whom they descended to
 
 Christian Frederic
 
 Cossart, hi» son and heir at law. Me, in the year 1772, made a power of ai-tommy ro
 
 Frederick W.
 
 Marshall, either to sell the lauda himself, or to appoint souse other person altóme/ in fart for dial purpose. The said
 
 Frederick IF. Marshall
 
 did not sell or dispose of the land:;, but iiominstífid and appointed
 
 John Michael draff,
 
 attorney in fact of the said
 
 Cossart,
 
 in! he year 1774, with general ¡Movers, as ho was author^: ,! to do. The said
 
 Gruff,
 
 its ihe year 1778, sold tin* said lands, as the agent of tin* said-fi'ossrtrí, to
 
 Hugh Montgomery,
 
 for the sum of »2,500. In the same year,
 
 Hugh Montgomery
 
 mortgaged the- same lands, foi the tena of five hundred years',, to the said
 
 Graff,
 
 to secure the debt to him, a;; agent of the
 
 Unitas Feat nun
 
 j he died, and
 
 Fragotf. Baggc
 
 became his adminístralo!,' and in the year 1734, assigned the said tena to
 
 F, IF. Marshall,
 
 agent of the
 
 Unitas Fratrum.
 
 He devised th-lands to
 
 Christian L.
 
 Beuxeia; lie died, and the mortgage. term came to the Plaintiff», his executors.
 

 It further appears, that
 
 Hugh Montgomery
 
 conveyed the land in question, after ihe date of the mortgage, to
 
 John Brown
 
 and otilara, trustees for Ose benefit of his two female infant children, since married to
 
 Monlfort Stokes
 
 and
 
 James
 
 Wellborn, who are also Plaintiffs.
 

 The Deihndanls claim under grants, issued by the State for the same lands, but bearing date posterior to the deed executed to
 
 Montgomery,
 
 and posterior to the deed of mortgage given by him, before noticed.
 

 It appears, that
 
 Mary Gordon
 
 was sued for these binds in the original suit, spoken of in the bill, but that (he -mil, as to her, abated by her death j and was not revived, as to those, who claim under her. The present hill is brought against such persons $ and considering it to be an original bill, in the nature of a supplemental
 
 *446
 
 bill,. and bill of revivor, I think it is not improper to read the depositions >aken in the original suit; though, In the view I lake of the case, I shall make no use of
 

 The Defendants allege, that the Plaintiffs have no grounds for coming into a Court of Equity ; that if they have a-y right to the lands in question.- they should assert it at Law. In the former suit, I attempted to give the reason, why a suit had not been brought at Law
 
 (Ante p.
 
 263). But it may be, assumed, that the mortgagee might have brought a suit at Law, and has failed to do so ; and that the legal title being in him, he is the only person who could bring such
 
 suit;
 
 and that not having brought such suit, he is barred by the statute of limitations. It does not follow of course, that the rights of the mortgagor are concluded by the same bar. He has twenty years to redeem, or as long as the mortgage is recognized by those concerned. (5
 
 Bac. Abr.
 
 94).
 

 1 have no inclination, either to repeat or unsay, what appeared to me, in the former suit, to be the correct principle of decision. 1 will only ádd to it a few remarks.
 

 It is argued for the Defendants, that they have had a seven years actual adverse possession, under a colour of title — a grant from the State. That may be true, and still their title is not good. It is not true, as a universal proposition, that such a possession gives a title. It only giv»s title, in the words of the act, against such persons, whose rights or titles shall descend or accrue. Thus, if an estate is made upon condition, that the feoffor shall re enter, provided be pays or tenders a certain sum of money, on a certain day, twenty or thirty years after-wards. If the money shall be paid or tendered on the day, he may enter, and regain his estate. In this case, the feoffee might be in possession twenty or thirty years, bu* it would not give him a fee-simple. So if there is a tenant for life, remainder in fee, and tenant for life makes
 
 *447
 
 a feoffment in fee, the remainder man may presently enter f-r the forfeiture. But if he does not enter for seven, or t\v* nty years, provided the tenant for life 1¡ ves so ionu;, Ire may afterwards, upon the death of the- tenant for lif-, enter by virtue of his remainder, whirl) has fallen into possession. (5
 
 Bac. Abr.
 
 830). Yet the iVoffce of tenant for life, although peaceably possessed during the'life of tenant for life, acquires no fee-simple, bee une tíre right of the remainder man had not accrued during that time.
 

 Again, and which is more in point, if a man disseises a mortgagee, and levies a fine, and live vearo pass after the proclamations by which the mortgagee is bound, yes. if tire mortgagor pay, or tender the money due on the mortgage, he has five years to prosecute his right, by the second saving of the, statute of 4
 
 Hen. 7,
 
 c. 24: because his title did not accrue till payment or tender of the money, by condition made upon cause, or matter before the proclamations, viz. by the condition made before the, fine.
 
 (Plow.
 
 373). In this case, we see a person holding an estate in the post, altogether unconnected in privity with the mortgagee, nay, holding an estate under a fine levied by the disseisor of die mortgagee, obliged to yield his title to the mortgagor, when the time comes, be it long or short, vvhen the money becomes due, according to the condition in the mortgage. It is true, if the money wag not paid at the day, according to the condition, the estate became absolute at law.
 
 (Co. Lit.
 
 221, 222). But Courts of Equity consider the mortgagor to be the owner of the land, which is only a pledge for the money lent, and will sustain the right of redemption in the mortgagor, against the same persons from whom the estate might have been wrested at law, in case the money had been strictly and legally paid or tendered, according to the condition.
 
 (Hard.
 
 465.
 
 Co. Lit. 35, note
 
 z). It would seem to make but little difference with the possessor of the land, claiming against the mortgagee, if lie must he disturbed, whether it is by the mortgagee, or by the mortgagor. There
 
 *448
 
 jg ibis difference! the mortgagee can only sue atLaw.aud t¡iat within seven years. The mortgagor, generally speaking, has twenty years, or in some cases longer, if |)le mortgage shall be recognized as such by the parties.
 
 (Thom. Co. Lit,
 
 41,
 
 note
 
 z). In the present, case, the existence of themortgage is acknowledged by the parties, and must be admitted by all.
 

 But it is stated in the bill, that the remainder of the mortgage term has been surrendered to
 
 John Brown
 
 ttie younger in consequence of the money being paid, which was due on it; and it is insisted for the Defendant, that
 
 John Brown
 
 has a remedy at Law. It may be answered, that if there is an end of the mortgage, it is of very recent date before, the filing of the present bill; that
 
 John Brown
 
 has not thought, proper to sue ,and that the Plaintiffs have no remedy at Law; that although the mortgage Is now extinct, it stood in the way until very lately, and prevented a suit at Law ; that the legal right to the land is now in
 
 John Brown
 
 the younger, and that a heneficial trust was created in the Plaintiffs, under the deed of
 
 Hugh Montgomery,
 
 made to
 
 John Brown
 
 the elder and others, trustees &c. and and also under the will of said
 
 Montgomery;
 
 that since the mortgage term has become extinct, no time has elapsed, that will impair the equitable rights of the Plaintiffs, or interpose an obstacle to redress for it in this Court, against those trustees, and also against the other Defendants. I therefore think the female Plaintiffs are entitled to a decree, to be based upon the deed from
 
 Montgomery
 
 to
 
 John Brown
 
 and others, trustees, and also upon
 
 Montgomery’s
 
 will.
 

 Per Curiam.
 

 — Decree accordingly.